IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORETTA J. BOONE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF McDONOUGH and<br>PRESTON DORSEY,<br><br>    Defendants. | 1:12-cv-1036-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [51] ("R&R") on Defendants' Motion for Summary Judgment [35].

**I.   BACKGROUND**

  A.   Procedural History

On March 27, 2012, Plaintiff Loretta J. Boone ("Plaintiff"), a former police officer with the McDonough, Georgia Police Department (the "Police Department"), filed this employment discrimination and civil rights action. Defendants are the City of McDonough and Preston Dorsey ("Dorsey"), McDonough's Chief of Police (collectively, "Defendants"). In her Complaint [1], Plaintiff alleges that she was terminated from her employment because of her race

and sex and because of complaints she had lodged regarding alleged racist and sexist policies of the Police Department. She asserts fours causes of action: race and gender discrimination in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); retaliation in violation of Title VII (Count II); deprivation of First Amendment speech rights (Count III); and ultra vires action by Defendants under state law (Count IV).

On January 18, 2013, Defendants filed their Motion for Summary Judgment on all claims. With their Motion for Summary Judgment, Defendants filed a Statement of Undisputed Material Facts [35-1].

On February 10, 2013, Plaintiff filed her opposition to Defendants' Motion for Summary Judgment. With her brief, Plaintiff filed a response to Defendants' Statement of Undisputed Material Facts and several exhibits, including affidavits of three co-workers (the "Co-Worker Affidavits"). Plaintiff did not submit a statement of additional material facts.

In her brief, Plaintiff argued that the record is sufficient to show genuine issues of material fact related to her Title VII discrimination and retaliation claims. She also argued that the record supports racial and sexual harassment and hostile work environment claims, under Title VII, and constitutional employment discrimination claims, under 42 U.S.C. § 1983. Plaintiff did not oppose, or

2

otherwise respond to, Defendants' Motion for Summary Judgment on Plaintiff's First Amendment and state law ultra vires action claims.

B. Magistrate Judge's R&R

On May 22, 2013, Magistrate Judge Vineyard issued his R&R recommending that Defendants' Motion for Summary Judgment be granted.

1. *Factual Findings*

Judge Vineyard found that Plaintiff, a black woman, first began her employment with the Police Department in 2002 and that, in 2007, she was promoted to the position of Sergeant.[1] In November 2010, Henry County police officers stopped Plaintiff for running a red light, while Plaintiff was off-duty and driving her personal vehicle. Plaintiff exited her vehicle, approached the Henry County officer, and asked that he not issue her a citation as a "professional courtesy" to a fellow police officer. The Henry County officer asked Plaintiff to return to her car. Plaintiff did not comply until he had asked at least four times and had threatened Plaintiff with arrest for obstruction.

Another Henry County officer came on the scene and issued Plaintiff a

---

[1] The R&R contains an extensive overview of the facts established in the record. The parties do not object to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts the facts in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir.1993). The relevant factual findings are briefly summarized here.

3

citation. Plaintiff and the second officer had a verbal altercation in which Plaintiff argued that her behavior did not constitute "obstruction." Plaintiff was released, and as she drove off, she yelled "Rednecks!" to the Henry County officers. In response, the officers stopped Plaintiff again and asked the name of her supervisor in the McDonough Police Department. Plaintiff told them to "find out on your own."

A high-ranking Henry County police official subsequently contacted Chief Dorsey regarding the traffic stop and gave Dorsey video footage of the incident. Dorsey ordered a formal investigation into the incident by other McDonough Police Department officials. The investigating officials found that Plaintiff's failure to comply with the Henry County officer's requests amounted to obstruction, in violation of Georgia law, and that her use of a slur toward the officers and her refusal to provide her supervisor's name were violations of the Police Department's Code of Ethics. The officials recommended that Plaintiff's employment be terminated. Chief Dorsey agreed, and on January 27, 2011, he fired Plaintiff.

On February 1, 2011, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that, in being fired, the Police Department discriminated against her because of her race and

gender and in retaliation for previous complaints of race and gender discrimination.

      2.     *Recommendations*

Judge Vineyard first addressed Plaintiff's argument regarding harassment and hostile work environment claims. He found that the claims were not properly before the Court because Plaintiff did not assert such claims in her Complaint. He further found that, even if the claims were properly asserted, the claims are barred because Plaintiff failed to administratively exhaust the claims by including them in her charge with the EEOC. Judge Vineyard finally considered the merits of the claims. The only evidence supporting the claims are Plaintiff's testimony that she overheard two "racial remarks" in 2003 and one in 2004, and the three Co-Worker Affidavits describing certain incidents in which Plaintiff's co-workers allegedly experienced race or sex discrimination in the Police Department. Judge Vineyard concluded that these incidents were too sporadic and isolated to give rise to harassment and hostile work environment claims.[2] Judge Vineyard thus concluded that, to the extent harassment and hostile work environment claims are asserted in this action, Defendants are entitled to summary judgment on the claims.

---

[2] Judge Vineyard found that the Co-Worker Affidavits were not relevant to any of Plaintiff's remaining claims and thus excluded them in considering the remaining claims.

Judge Vineyard next considered Plaintiff's discrimination and retaliation claims under Title VII, based on Plaintiff's termination.  The Magistrate Judge found that Plaintiff failed to show a prima facie case of discrimination, under <u>McDonnell Douglas</u>, because Plaintiff did not submit evidence that a similarly situated male or non-black co-worker was not fired after engaging in misconduct similar to that of Plaintiff.  He found that Plaintiff failed to show a prima facie case of retaliation because she did not submit evidence showing either that she engaged in statutorily protected activity or that her termination was linked to such activity.  Judge Vineyard finally concluded that, even if Plaintiff made prima facie showings, her Title VII claims fail because she failed to present any evidence to show that Defendants' stated reasons for her termination—Plaintiff's behavior during the November 2010 traffic stop—were pretextual.  Judge Vineyard thus concluded that Defendants are entitled to summary judgment on Defendants' Title VII claims.

Judge Vineyard next considered whether the record supports a claim under § 1983 against Chief Dorsey based on Equal Protection.  Judge Vineyard stated that such a claim does not appear to be asserted in Plaintiff's Complaint.  Assuming that the claim is present, however, he noted that the elements of an employment discrimination claim under § 1983 and Title VII are the same and that

6

Defendants are entitled to summary judgment on the § 1983 claim for the same reasons that they are entitled to summary judgment on the Title VII claims.[3]

### 3. *Plaintiff's Objections*

On June 11, 2013, Plaintiff filed her Objections [53-1] to the R&R. Plaintiff asserts four specific objections: (i) that she did not fail to exhaust administrative remedies with respect to her harassment and hostile work environment claims; (ii) that the Magistrate Judge failed to consider the Co-Worker Affidavits; (iii) that the Magistrate Judge failed to consider Plaintiff's harassment and hostile work environment claims under § 1983; (iv) and that she submitted sufficient evidence to show a prima facie case of discrimination. Plaintiff did not object to any other findings or conclusions in the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A

---

[3] Judge Vineyard also concluded that Defendants are entitled to summary judgment on Plaintiff's First Amendment and ultra vires state law claims because, not having opposed Defendants' motion on these counts, Plaintiffs abandoned these claims.

7

district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

The Magistrate Judge issued his R&R on May 22, 2013, and Plaintiff's counsel was electronically served with the R&R on the same day.  Under 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, objections to an R&R must be filed within fourteen days of being served with the R&R.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Under Rule 6, the time limit to act in response to an electronically served document is extended by three days and, if the last day is a weekend day, further extended to the following Monday.  See Fed. R. Civ. P. 6(a)(1)(C), (d).  Under these Rules, Plaintiff was required to file her Objections on or before June 10, 2013.  Plaintiff's Objections, filed June 11, 2013, are thus untimely, and the Court need not consider them.  Because the Court desires to decide cases on their merits, and because Defendants will not suffer any

apparent prejudice, the Court nevertheless addresses Plaintiff's objections here, and reviews the objected-to portions of Judge Vineyard's R&R.[4]

        1.    *Whether Plaintiff Has Asserted a Claim for Hostile Work Environment*

Plaintiff does not object to the Magistrate Judge's finding that the Complaint does not assert a claim based on harassment or hostile work environment. Nor does Plaintiff object to the Magistrate Judge's finding that the record before the Court—showing that three non-parties may have experienced incidents of sexual or racial harassment and that Plaintiff overheard three racial remarks, twice in 2003 and once in 2004—is not sufficient to support a claim for harassment or hostile work environment. The Court does not find any error in these conclusions, and on these bases, Defendants are entitled to summary judgment on Plaintiff's purported harassment or hostile work environment claims.[5] See Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1286 (11th Cir. 2003) (explaining that a

---

[4] The Court, having carefully reviewed the R&R, finds no plain error in the unobjected to findings and conclusions and thus adopts those portions of the R&R.

[5] Plaintiff objects that the Magistrate Judge failed to consider the Co-Worker Affidavits. The R&R shows that the Magistrate Judge did, in fact, consider these affidavits in evaluating the merits of Plaintiff's purported hostile environment claims. (R&R [51] at 32 n.17.) The Magistrate Judge concluded that the affidavits were not sufficient to support the claim, and that they were not relevant to Plaintiffs' remaining claims. Plaintiff's objection regarding the Co-Worker Affidavits is overruled.

plaintiff may not raise a new claim to escape summary judgment on the claims that he actually pleaded); Maniccia v. Brown, 171 F.3d 1364, 1367 n.1 (11th Cir. 1999) (citing Case v. State Farm Mut. Auto. Ins. Co., 294 F.2d 676, 678 (5th Cir.1961)) (explaining that, to pursue a hostile work environment and sexual harassment claim in federal court, the plaintiff must "spell[] out" the claim in her complaint, even if the claim was part of earlier EEOC proceedings); see also Freeman v. City of Riverdale, 330 F. App'x 863, 865–66 (11th Cir. 2009) (explaining that a hostile work environment claim requires "severe or pervasive" harassment and that "sporadic and isolated" incidents of racial epithets are not sufficient to support claim).

Plaintiff objects to the Magistrate Judge's additional finding that Plaintiff failed to exhaust her administrative remedies with respect to harassment or hostile work environment claims. Because the Court has concluded that Defendants are entitled to summary judgment on these claims based on the unobjected-to findings of the Magistrate Judge, the Court does not reach this objection, and it is overruled as moot.[6]

---

[6] Even if it considered Plaintiff's argument regarding exhaustion, the Court would overrule the objection. Before filing a Title VII action based on alleged discrimination, a plaintiff is required to exhaust her administrative remedies by filing a "charge" of discrimination with the EEOC within 180 days. See, e.g., H&R Block E. Enters. v. Morris, 606 F.3d 1285, 1295 (11th Cir. 2010) (citing

### 2. *Plaintiff's Purported Equal Protection Claim Based on a Hostile Work Environment*

The Magistrate Judge granted summary judgment on Plaintiff's Equal Protection claim, under 42 U.S.C. § 1983, because that claim fails for the same reasons as Plaintiff's Title VII claims. Plaintiff objects to the dismissal of her purported harassment or hostile work environment claims under § 1983 because "it must be assumed that the reason [for the Magistrate Judge's conclusion] is for the alleged failure to exhaust remedies," and exhaustion of administrative remedies is not required under § 1983. (Pl.'s Obj. [53-1] at 7–8.) Plaintiff's objection ignores the Magistrate Judge's findings that Plaintiff failed even to plead a harassment or hostile work environment claim and that such a claim would be required to be dismissed on the merits. Plaintiff's objection is overruled.[7]

---

Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir.2001)). The plaintiff's judicial claims are limited "by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." Chanda v. Engelhard/ICC, 234 F.3d 1219, 1225 (11th Cir. 2000) (quoting Ray v. Freeman, 626 F.2d 439, 442 (5th Cir.1980)). Plaintiff's charge with the EEOC asserts only one allegedly discriminatory and retaliatory action, her termination, and does not charge Defendants with discrimination in the form of a hostile work environment. (See Dep. L. Boone Ex. 17 [32-3] at 40–44.)

[7] The Court notes that, upon a thorough review of the Complaint, Plaintiff did not assert any Equal Protection claims in this action. The only constitutional violation alleged in Plaintiff's Complaint is based on First Amendment free speech—a claim Plaintiff has abandoned. For this additional reason, Plaintiff's objection is required to be overruled.

3.   *Plaintiff's Discriminatory Treatment and Retaliation Claims*

Absent direct evidence of discriminatory intent on the part of the employer, the plaintiff in an employment discrimination case must prove intent with circumstantial evidence under the rubric set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Denney v. City of Albany, 247 F.3d 1172, 1182–83 (quoting EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir. 2000)).  This requires the plaintiff's evidence to first establish a prima facie case of discrimination.  Id. at 1183.  If the plaintiff establishes a prima facie case, the defendant must introduce evidence showing a legitimate, non-discriminatory reason for the challenged employment action.  Id.  If such a reason is given, the plaintiff must prove that the stated reason is a pretext for unlawful discrimination.  Id.

The Magistrate Judge found that Plaintiff failed to make a prima facie case with respect to her discriminatory termination claim because Plaintiff failed to identify a comparator, or similarly situated non-white, non-female employee who engaged in conduct similar to that of Plaintiff but was not terminated.  The Magistrate Judge further found that Plaintiff failed to introduce any evidence showing that Defendants' offered legitimate, non-discriminatory reason for the

termination—Plaintiff's conduct toward Henry County police officers during her November 2010 traffic stop—was pretextual.

Plaintiff objects only to the Magistrate Judge's conclusion regarding Plaintiff's prima facie case. Plaintiff specifically argues that the Magistrate Judge failed to consider evidence that Plaintiff was treated differently than white male employees with respect to her rank and working hours and evidence of a "discriminatory and hostile atmosphere" in the Police Department.

The Court does not find any error in the Magistrate Judge's finding that Plaintiff failed to present evidence of pretext. On that basis alone, Defendants are entitled to summary judgment on Plaintiff's disparate treatment claim, and Plaintiff's objection regarding the prima facie case is required to be overruled as moot.[8]  See, e.g., Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir.

---

[8] Even if it considered Plaintiff's argument regarding her prima facie burden, the Court would overrule the objection. To establish a prima facie case of discriminatory disciplinary termination, Plaintiff must produce evidence showing, among other things, that "her employer treated similarly situated employees outside of her protected class more favorably than she was treated." Burke-Fowler v. Orange County, 447 F.3d 1319, 1323 (11th Cir. 2006). This requires evidence that allows the Court to evaluate "whether [other] employees [were] involved in or accused of the same or similar conduct and [were] disciplined in different ways." Id. Plaintiff's evidence, regarding her rank and working hours and a "discriminatory and hostile atmosphere," do not satisfy this burden and do not otherwise demonstrate discriminatory intent with respect to Plaintiff's termination. See Maniccia, 171 F.3d at 1368–69 (explaining that plaintiff is required produce

1997) (holding that, to show pretext, plaintiff must "produce evidence sufficient to permit a reasonable factfinder to disbelieve [the defendant's] proffered nondiscriminatory explanation").

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [51] is **ADOPTED**. Defendants' Motion for Summary Judgment [35] is **GRANTED**.

**SO ORDERED** this 29th day of August, 2013.

*/s/ William S. Duffey*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

evidence that a comparator, who engaged in "nearly identical" misconduct, was punished less severely).